The opinion of the Court was delivered by ■
Coloook, J.
I think it is high time this question was at rest. I lay it down, that a bare acknowledgment of a subsisting debt is sufficient to take a case out of the statute of limitations. The Act was intended as a shield to protect from the payment of debts, which had been already discharged. Amidst the casualties of life, receipts or other evidences of payment, are frequently lost; and it was found, that the estate of deceased persons would be particularly liable to injury without the aid of this Act. Wherever a moral obligation exists, there the law raises' au assumption. Where a debt is due there is a moral obligation to pay; and would it not be absurd and contradictory so to construe the Act as to oppose this long established, wise, and just principle of the law ? I am aware that there are contradictory opinions and decisions on this subject. The weight of authority, however, will be found to be decidedly in favor of the rule, which 1 have laid down. 1 Selwyn, 150. The slightest acknowledgment has been holden sufficient; as saying, “prove your debt, and J will pay it.” “ I am ready to account, but nothing *406 is due.” Trueman v. Fenton, Cowper, 548. The defendant, meeting the plaintiff, said to him, “what an extravagant hill you have delivered me.” Lord Kenyon held this as a sufficient acknowledgment that something was due. Lawrence v. Worrrall, Peake N. P. C. 93. S. C. 6 Esq. N. P. C. 92. So in Clarke v. Bradshaw, 3 Esp. N. P. C. 155-7. Bradshaw saying, “plaintiff had paid money for him twelve or thirteen years ago, hut that he had since become a bankrupt, by which he was discharged, as well as by law from the length of time.” Lord Kenyon held it to be sufficient to take it out of the statute. The defendant had applied to the Court in an affidavit for *Ieave to plead the ' statute of limitations, that since the bill of exchange, on which the action was brought, became due, which was more than six years before, no demand of payment had been made of him, This was deemed sufficient to be left to the jury, as an acknowledgment. And the jury having found a verdict for the plaintiff, the Court refused to grant a new trial. Bryan v. Horseman, 4 East. 599, and note a. to page 604. So where a letter was written by the plaintiff’s attorney, on being served with a writ, concluding in ambiguous terms, neither expressly denying nor admitting the debt, it was holden that such letter ought' to have been left to the jury to consider whether it amounted to an acknowledgment of the debt, so as to take it out of the statute, Lloyd v. Maund, 2 Term. Rep. 760. Bicknell v. Keppel, 1 New Rep. 20.
Grimlce, for the motion. Hunt and Parker, contra.
In the case before us, the facts were submitted to the jury, with a direction from the judge, that the rule now laid down should govern, and I think the determination a correct one. The defendant referred the examination of her accounts to her agent, or to one acting as mutual agent, by which she is to be understood as saying, I know that there was a debt, though I thought it paid, whatever shall be due, I will pay.
The motion is dismissed.
Bay, Nott and Johnson, JJ., concurred.

 See Executors Gray v. Kernahan, 2 M. Const. Rep. 67 ; Rowcroft v. Lomas, 4 Maule & Selwyn, 457; Gibbons v. McCasland, 1 Barn. & Ald. 692-3; Swan v. Sowell, Ib. 760. R.
Young v. Monpoey, 2 Bail. 278; 6 Rich. 123; 1 McC. 322, and note; 3 McC. 552; 4 McC. 95.